### NATIONAL WELFARE RIGHTS ORGANIZATION et al.,
v.
### Elliott RICHARDSON et al.
### Civ. A. No. 2178–71.

United States District Court,
District of Columbia.

Nov. 16, 1971.

Stephen R. Elias, New York City, Michael B. Trister, Washington, D. C., for plaintiffs.

Michael A. Katz, Asst. U. S. Atty., Washington, D. C., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN LEWIS SMITH, Jr., District Judge.

This cause having come on for hearing on November 15, 1971, on the request of the plaintiffs for a preliminary injunction, and the Court having considered said motion and plaintiffs' memorandum of points and authorities, affidavit and exhibits in support thereof, and defendants' memorandum of points and authorities in opposition thereto and affidavit and exhibits attached to said memorandum, and having heard arguments of counsel, now makes the follow-

ing findings of fact and conclusions of law:

### Findings of Fact

1. On July 26, 1971, plaintiffs and defendants herein entered into a certain stipulation of settlement which resulted in the dismissal of a prior action between them in this Court, *i. e.*, National Welfare Rights Organization, et al. v. U. S. Department of Health, Education and Welfare, et al., Civil Action No. 1042–71. (Pl.Ex.A.)

2. Incorporated into and made a part of said stipulation was a letter from John D. Twiname, Administrator of the Social and Rehabilitation Service, an agency of the Department of Health, Education and Welfare, to counsel for plaintiffs herein, which letter contained the following provisions pertinent hereto:

> The applications and exhibits thereto, if any, for such projects currently pending action by the Department which have been filed by the States of California and New York will be made available to the plaintiffs no later than the point at which negotiations between the Social and Rehabilitation Service and the States have resulted in applications ripe for consideration by the Social and Rehabilitation Service. For a period not less than 30 days following receipt by plaintiffs of the first notice of availability of each such application the Social and Rehabilitation Service will take no action to approve that application, in the event that it is found to be approvable.

> \*   \*   \*   \*   \*   \*

> In addition, at the time of disclosure pursuant to the foregoing paragraphs there will also be made available any intermediate applications which were actually submitted to the Department by either of these two states. (Pl.Ex. A, pp. 3–4.)

3. Pursuant to the terms and conditions contained in the stipulation as set forth herein above, defendants, by Eugene J. Rubel, Assistant Administrator for Policy Coordination, Social and Rehabilitation Service, provided plaintiffs on September 17, 1971 with copies of two applications submitted by the State of New York for permission to undertake the demonstration projects known as "Incentives for Independence" and "Public Service Work Opportunities". (Pl.Ex. B.)

4. By said letter of September 17, 1971, the 30-day period, provided for by the stipulation of settlement, during which no action would be taken by the defendants to approve the applications in question, commenced to run, said period to expire on October 17, 1971.

5. On September 22, 1971, plaintiffs, by their attorney, wrote to defendants and requested certain additional documents emanating from the State of New York and relating to the subject applications, which documents were characterized by plaintiffs as "intermediate applications", which they claim to be entitled to receive under the stipulation. (Pl.Ex. C.) Plaintiffs further renewed their request by letter dated October 11, 1971. (Pl.Ex. D.)

6. On October 14, 1971, defendants, through Mr. Rubel, denied this request by letter directed to Mr. Stephen R. Elias, stating that "there are no formal intermediate applications in the file". (Pl.Ex. E.)

7. Plaintiffs instituted this action on October 29, 1971, and moved for a temporary restraining order to restrain defendants from taking action to approve the project applications until such time as plaintiffs could be heard on a motion for preliminary injunction. At that time, defendants agreed to take no such action until after November 15, 1971.

8. Plaintiffs have moved for a preliminary injunction to enjoin defendants from making any formal decision on the project applications until the merits of this litigation are resolved.

9. In an affidavit submitted by defendants to the Court, Mr. Eugene J. Rubel states that he has examined the files of the Social and Rehabilitation

Service for the purpose of ascertaining what, if any, "intermediate applications" may have been received by that agency from the State of New York which they have not disclosed to plaintiffs, and that such examination disclosed the existence of divers documents, all of which are characterized by Mr. Rubel as "working papers or drafts" and not as "intermediate applications which were actually submitted to the Department as specified in the stipulation of settlement." (Rubel affidavit, pp. 4–5.)

*Conclusions of Law*

1. Plaintiffs have not shown a likelihood that they will succeed on the merits of this litigation.

■ 2. The term "intermediate application" as used in the stipulation means a formal application actually submitted by a state to the Department of Health, Education and Welfare for approval, which has been superceded by another formal application actually so submitted by such state. The documents to which plaintiffs claim to be entitled under the stipulation of settlement referred to above, and not provided to them by defendants, do not appear to the Court to constitute "intermediate applications which were actually submitted to the department"; rather, they appear to be in the nature of preliminary drafts and working papers not submitted for final approval.

3. It thus appears to this Court that the documents requested by plaintiffs are beyond the scope of the stipulation of settlement.

4. Since plaintiffs have thus not demonstrated that they are entitled to receive the documents they seek, defendants are not required by the stipulation of settlement to withhold action on the pending applications for any further period of time.

■ 5. Plaintiffs have failed to demonstrate that they will suffer irreparable injury if the preliminary relief they seek is not granted.

6. Plaintiffs have not shown that they will suffer such a degree of harm if the relief they seek is not granted that will override that harm which is likely to be suffered by defendants and the public if such relief is granted.

7. Plaintiffs' motion for preliminary injunction should be denied.